## Bracken *v.* The Rushville and Vienna Gravel Road Company.

LICENSE.—GRANT.—Where one owning lands along the line of a contemplated gravel road executed, with others, a writing giving to the gravel road company the right to enter upon his lands and remove gravel, &c., for the purpose of constructing the road, it was held a grant, and not a license which could be revoked at the pleasure of the party giving it.

APPEAL from the *Rush* Common Pleas.

GREGORY, J.—The appellant sued the appellee for gravel taken from the lands of the former for the construction of the road bed of the latter. All the questions arising on the pleadings, on the evidence, and on the instructions of the court, turn upon the construction to be given to a written instrument set out in the pleadings, introduced in evidence, and the legal effect of which was determined in the instruc-

tions. At the time the appellee was about to commence the construction of its road, the agents of the company procured a number of persons along the line of the proposed road, the plaintiff included, to execute the following writing, to-wit:

"We, the undersigned, who own lands along and near to the line of the *Rushville and Vienna Gravel Road Company,* do hereby authorize and empower said company, by themselves or their agents, to enter upon our lands, upon either side of the road now leading from *Rushville* to *Viena,* any where within a mile of said road, and dig up, remove, and take away from said lands so much gravel and earth as the said company may choose, for the construction and completion of their gravel road from *Rushville* to *Vienna,* in *Rush* county, State of *Indiana;* said company to do us as little damage as practicable in carrying out the privileges hereby granted."

If this is a license, revocable at the will of the makers, then the rulings of the court below are erroneous. If, however, it is a grant, then the rulings were right, and the judgment below ought to be affirmed.

The appellee was about to commence the construction of a road in which the public had an interest. The nature of the improvement was such as to benefit the appellant, by enhancing the value of his lands and affording him facilities for travel not before possessed. This grant may have induced the appellee to commence the work. If the appellant, and the other makers of the instrument, had refused to make the grant, the enterprise might have been abandoned. We think the writing is a grant, and not a mere license, and therefore not revocable. The court below committed no error.

The judgment is affirmed, with costs.

*J. S. Reid, R. D. Logan* and *W. Cassiday,* for appellant.

*B. F. Claypool* and *L. Sexton,* for appellee.