## MILLER *v*. THE STATE.

CRIMINAL LAW.—*Carrying off Products of Soil.—License.—Revocation.*—The defendant, in a prosecution for entering on land and carrying away products of soil, had sold hay to the prosecuting witness, on condition that he might enter, in the fall, into her corn-field, and gather and remove a sufficient amount of corn to pay for the hay. He entered to gather the corn, and she forbade him to gather. He proceeded to gather a quantity of a value less than that of the hay. The court, on the trial, instructed the jury, that a "license may be granted by parol; and as long as a party is acting under such license, he will not be a trespasser; but such license may be revoked at any time. If the defendant entered upon the lands of the prosecuting witness, under a parol license, and before he gathered any corn she forbade his gathering, and the defendant, after being forbidden, did gather and remove the said corn from the premises, without the consent of the prosecuting witness, the act was unlawful, and the defendant was liable."

*Held*, that the charge was erroneous, as a license cannot be revoked, where it is coupled with an interest and supported by a valid consideration.

APPEAL from the Clinton Common Pleas.

BUSKIRK, C. J.—This prosecution was based upon section 76, as amended by the act of February 14th, 1865, which reads as follows:

"Sec. 76. Any person who shall unlawfully go upon the lands of another, and any person who shall unlawfully pull off, or pull off and carry away any corn growing on the stalk, or any fruit on the tree, bush, or plant, pumpkin or melon on the vine, or other annual product attached to the realty, or growing in the soil, of the value of ten cents, or upwards, the property of another, shall be fined in any sum not exceeding fifty dollars, to which may be added imprisonment in the county jail for any period not exceeding six months; and any person concerned in the commission of any such offence, may be compelled to testify against the others, but in such case shall be exempt from punishment himself for such offence." 3 Ind. Stat. 261.

The information charged that the appellant unlawfully went upon the lands of Amos Bruner, and then and there unlawfully pulled off fifty bushels of corn growing on the stalks, and carried the same away; the said corn then and

there being the property of Martha Lowry, and of the value of fifteen dollars.

There was a trial by a jury, resulting in a verdict against the defendant.    The court overruled a motion for a new trial.   The appellant has assigned for error the refusal of the court to grant him a new trial.   Three reasons were assigned for a new trial; first, the insufficiency of the evidence to sustain the verdict; second, the giving of erroneous instructions; third, newly-discovered evidence.

The case, as made by the evidence, was this:

The appellant owned and cultivated a farm.   The prosecuting witness, Mrs. Lowry, occupied an adjoining farm as the tenant of Amos Bruner.   During the hay harvest of 1871, the appellant sold to Mrs. Lowry two and one-half tons of hay, at eight dollars per ton, to be paid for in the fall, in corn, at the market price.   Thus far there was no conflict in the testimony.   Four witnesses testified, on behalf of the appellant, that it was expressly agreed between the appellant and Mrs. Lowry, that the appellant was to have the right and privilege to go into the corn-field of Mrs. Lowry, and gather and carry away enough corn to pay for the hay sold to her, and that it was only upon this express condition that the appellant agreed to sell the hay for the corn.   Mrs. Lowry testified that she had purchased and used the hay in feeding her horses while she raised her crop of corn; that she had agreed to pay for the hay with corn in the fall; but she denied that she had agreed that appellant should go into the corn-field and gather the corn.   The very decided preponderance of the evidence was with the appellant on this controverted point.

The appellant, with several hands and his wagon and team, went into the corn-field of Mrs. Lowry, to gather the corn in payment of the hay.   Mrs. Lowry forbade the appellant from gathering the corn, but he disregarded her objection and remonstrance, and gathered and hauled away fifty bushels of corn, which was of less value than the hay.

For the taking of the corn under these circumstances, the

appellant was prosecuted and convicted. The offence very closely assimilates itself to the crime of larceny. It would be larceny, but for the fact that the articles mentioned in said section are regarded as a part of the realty, they being attached to the soil. The appellant did not deny the taking of the corn, but he claimed that he had a license from Mrs. Lowry to enter upon her premises and pull and take away the corn. It was maintained on the part of the State, that, conceding that a license existed, it was revoked before the corn was gathered. Upon this point, the court instructed the jury as follows: "License may be granted by parol, and as long as a party is acting under such license, he will not be a trespasser, but such license may be revoked at any time. If the defendant entered upon the lands of the prosecuting witness, under a parol license, and before he gathered any corn, she forbid his gathering, and the defendant, after being so forbid, did gather and remove the said corn from the premises, without the consent of the prosecuting witness, the act was unlawful, and the defendant is liable."

If the license established and relied upon could be revoked at the pleasure of the licensor, then the instruction was correct; otherwise not.

A parol license that is not based upon a valid consideration and unconnected with any interest or vested right may be revoked at the pleasure of the licensor, but the rule is otherwise when it is coupled with an interest and supported by a valid consideration. The law is stated by a recent elementary writer thus: "A license cannot be revoked or withdrawn, as long as it is essential to the possession or enjoyment of a vested right or interest, which has been created by the licensor, placed, with his assent, where the continuance of the license is essential to its enjoyment. This is a branch of the rule that no one can withdraw a promise or declaration, made with the view of inducing others to act, after they have acted upon it, and thus placed themselves in a position where they must necessarily suffer, if it be withdrawn." Herman Estoppel, 437.

The power of revoking a parol license is very fully considered by this court, in *Snowden* v. *Wilas*, 19 Ind. 10; *Lane* v. *Miller*, 27 Ind. 534; and by the Court of Appeals in New York, in the very able and well considered opinion in the case of *Pierrepont* v. *Barnard*, 2 Seld. 279.

In our opinion, the court erred in giving the above instruction without any limitation or qualification, and in overruling the motion for a new trial; for upon the facts proved, the defendant was entitled to an.acquittal. Mrs. Lowry had no right to withdraw her license, after she had induced the defendant to part with his property in reliance upon it.

The judgment is reversed.; and the cause is remanded for a new trial.

*J. N. Sims*, for appellant.

*B. W. Hanna*, Attorney General, for the State.