29  575
55  293

────────────◆────────────

## ROBINSON VS. KRUSE.

1. LANDLORD: *Has no right to the possession of the crop.*
   The mere ownership of land confers no right to the possession and disposal of the crop raised on it by tenants. The right to rent must be asserted and perfected under the provisions of the law.

2. MORTGAGE: *Mortgagee of a crop may maintain trover for its conversion by the landlord.*
   The mortgagee of a crop may, after the maturity of his rights under

Robinson vs. Kruse.

the mortgage, maintain trover against the owner of the land who takes possession of the crop and converts it for the rent.

3. FORMER RECOVERY: *In replevin no bar to trover.*
   A recovery in replevin is no bar to a subsequent action of trover by the defendant in replevin.

APPEAL from *Phillips* Circuit Court.
Hon. J. H. WILLIAMS, Special Judge.
*H. Carlton,* for appellant.
*Chas. H. Carlton, and Dodge & Johnson, contra.*

WALKER, J.   Robinson, the owner of a plantation, rented it in the year 1870, to Greenlee, who sublet the land to Mrs. McMahon, who contracted with certain laborers to cultivate the land for one half the crop raised. Mrs. McMahon also contracted to furnish supplies to the laborers to be paid by them, and did for a time furnish them with supplies, but finally failed to do so, and the plaintiff Kruse furnished supplies to the laborers, and took from them a mortgage upon their part of the crop raised, with a clause of trust and power to take possession of and sell the crop, if the sums advanced for supplies was not paid.   Twenty-seven bales of cotton were raised on the place.   The laborers became apprehensive that the cotton would be removed, and had the whole crop attached and taken off by the officer.   The attachment suit was against Robinson.   Mrs. McMahon set up claim to the cotton and prepared her interplea, which seems not to have been filed, and was possibly abandoned, because by an agreement made between the attorneys of Kruse and Mrs. McMahon and Robinson, the cotton was divided according to the contract between Mrs. McMahon and the laborers, who were the plaintiffs in the attachment suit.   Fourteen bales of cotton were set apart for Mrs. McMahon, and thirteen for the laborers which, one of the witnesses deposed, was within one pound of an equal

division. Mrs. McMahon took off her part of the cotton, and the thirteen bales set apart to the laborers were to remain and await the final disposition of the suit, which was subsequently dismissed by the plaintiffs. Before it was dismissed, the laborers gave a bill of sale to Kruse for the cotton set apart to them, who took it into possession. Robinson replevied the cotton out of the possession of Kruse, and in the replevin suit, judgment was rendered in favor of Robinson, who sold the cotton and received the money for it.

Kruse brought an action of trover against Robinson for the cotton. Robinson answered and denied that the cotton was plaintiff's, and claimed it as his under his claim as landlord. He also answered that he had recovered the cotton in an action of replevin, and set this up in bar of a second action.

The court sustained a demurrer to this second paragraph of the answer and upon the issue thus formed upon the first, the case was submitted to a jury, who found for the plaintiffs, upon which judgment was rendered and defendant appealed.

Much has been said in argument by counsel as to the respective rights of the parties as landlord and as laborers to specific liens on the crops raised. But as in this case, the suit to enforce the laborers' lien was dismissed, and as the landlord has failed to set up or assert his claim as such, the case must be determined between the parties upon their rights under the contract.

Under the contract with Mrs. McMahon, the laborers were to have one half the cotton, which was divided, and Mrs. McMahon got her part. That set apart to the laborers seems by agreement to have been held over to await the final determination of the attachment suit. With this, Mrs. McMahon had nothing to do. She had failed to file her interplea and accepted a settlement, in which she received all to which she was entitled.

There is some conflict of evidence as to the claim of Robinson, but the weight of the evidence is, that on the day and at the time the cotton was divided, Robinson was present and disclaimed any interest whatever in the cotton; but be this as it may, he had by contract no claim whatever to the cotton, and seems subsequently to have based his whole claim upon the fact that he was the owner of the land, which claim, if prosecuted within the time prescribed by statute, might have secured to him a title to the cotton for rents; but as this was not done, Robinson had no right whatever to take the cotton into possession and sell it. The mere fact that he was the owner of the land on which the cotton was raised conferred upon him no such right. Like all others who have inchoate rights, they must be asserted and perfected under the provision of the law.

It has been contended that as the bill of sale was given whilst the attachment suit was pending, Kruse could gain no title under it. Concede this to be the case, and still the prior right under the mortgage had matured, and Kruse had under it a title to the property, and by express provision, to take the cotton into his possession and to sell.

It is also urged that the recovery in the action of replevin is a bar to a recovery in this action. We cannot so consider it. It is true that both actions were for the same property, but there is no such identity of cause of action as to bring the case within the rule. Nothing appears to show whether the action was for the taking or the detention of the property, or whether by the state of the pleadings the title to the property or merely to the possession was put in issue. We think the demurrer to the second paragraph of the answer properly sustained.

The material questions at issue were the ownership of the cotton by the plaintiffs and its conversion by the defendant

The proof upon both these points, as well as of the value of the cotton, was sufficient to warrant the verdict of the jury.

The instructions given were substantially correct, and that refused to be given at the instance of the defendant was, under the state of the case, properly refused.

Let the judgment be affirmed.