No. 9489.

GILMORE ET AL. *v.* HAMILTON.

LANDLORD AND TENANT.—*Lease.—Tenancy at Will.—Notice.*—A written demise of lands, " for a certain rent, for such time as the lessee, his heirs and assigns, may occupy the same for a saw-mill yard," and providing that possession shall be yielded to the lessor, " his heirs or assigns, at the time of the expiration of the occupation of said premises for saw-mill purposes," does not create a tenancy at will, which the lessor may terminate by a month's notice to quit, at his option.

From the Union Circuit Court.

*T. D. Evans* and *B. Burke,* for appellants.

*L. H. Stanford,* for appellee.

FRANKLIN, C.—This action was commenced by appellee against appellants to recover the possession of a tract of land alleged to have been unlawfully detained by appellants, and damages for such detention. Trial by the court; finding and judgment for appellee.

Appellants had bought a stationary steam saw-mill of appellee, and had taken a kind of lease, or transfer, of the mill-site, containing two and one-fourth acres, upon which to run the mill.

The action is to recover the mill-site. The complaint is based upon the agreement, making it a part thereof, and the appellee seeks to recover upon the ground that the instrument .

creates a tenancy at will only, which he has a right at any time, upon one month's notice, to terminate. He gave the notice, and makes it also a part of the complaint.

There was a demurrer overruled to the complaint; an answer filed in six paragraphs; a demurrer was sustained to each, except the fifth, which was a denial. Exceptions were properly reserved.

The errors assigned are the overruling of the demurrer to the complaint, and the sustaining of the demurrers to the answers.

The instrument sued upon reads as follows:

"This agreement, between Andrew Hamilton and Samuel Gilmore and Samuel Hockersmith, witnesseth that the said Andrew Hamilton, in consideration of the covenants of the said Samuel Gilmore and Samuel Hockersmith herein mentioned, doth hereby demise and grant to the said Gilmore and Hockersmith, their heirs, executors, administrators and assigns, from the 24th day of February, 1874, during the time they may occupy the same for a saw-mill yard, the following premises, situated in the county of Union and State of Indiana:" (then follows a description of the premises); "on which there is now a steam saw-mill. And the said Gilmore and Hockersmith, their heirs or assigns, have hereby granted to them full power to sell and remove said mill at pleasure; and the said Gilmore and Hockersmith, in consideration thereof, do hereby covenant and agree to pay all taxes imposed and assessed upon said premises during the time they may occupy the same; to keep said premises in as good repair as they now are, *casualties* by fire or otherwise excepted; to yield their possession to said Andrew Hamilton, his heirs or assigns, at the time of the expiration of the occupation of said premises for saw-mill purposes. In witness," etc.

Signed and sealed by the parties.

The complaint contains no averment that appellants had ceased to occupy the premises for saw-mill purposes, or that they had in any particular violated any portion of their part

of the agreement. And the action is based solely upon a construction as to the legal effect of the instrument.

It was clearly not the intention of these parties, while appellants, their heirs or assigns, had the mill in full operation, and the premises occupied for mill purposes, that the appellee should have the right, by one month's notice, to terminate their occupancy and take possession of the premises; and we do not think that this instrument can be fairly construed so as to create a mere tenancy at will.

The use of the words " demise and grant " to the grantees, " their heirs, executors, administrators and assigns," in the conveying part, and the use of the words, " to yield their possession to said Andrew Hamilton, his heirs or assigns, at the time of the expiration of the occupation of said premises for saw-mill purposes," in the reversionary part of the instrument, certainly mean something of more permanency than a tenancy at the will of the grantor. Demise (in law) is defined by Webster to mean " the conveyance or transfer of an estate, either in fee, for life or for years, most commonly the latter." Bouvier's Law Dictionary.

The instrument under consideration can not be construed as granting or conveying an estate for years, because it fixes no definite time for its termination; it can not be construed into a life-estate, because it provides for the heirs, executors, administrators or assigns of the grantees holding over, and the possession to be returned to the grantor, his heirs or assigns. Still it must be construed as granting a different interest from a tenancy at will. It provides for continuing until the premises cease to be used for saw-mill purposes. Neither can it be construed into a license, that is revocable at the pleasure of the licensor. Appellants were the owners of the mill situate on the premises, and while they occupied them for mill purposes, if a license, it was coupled with such an interest in the premises as made it irrevocable. *Lane* v. *Miller*, 27 Ind. 534; *Snowden* v. *Wilas*, 19 Ind. 10; *Miller* v. *State*, 39 Ind. 267; *Hodgson* v. *Jeffries*, 52 Ind. 334. But

we think this was a grant to use and occupy, and not a mere license. *Reed* v. *Lewis,* 74 Ind. 433 (39 Am. R. 88); *Bracken* v. *Rushville, etc., Gravel Road Co.,* 27 Ind. 346.

Appellee refers us to the case of *Knight* v. *Indiana, etc., Co.,* 47 Ind. 105 (17 Am. R. 692), and insists that it is decisive of the question under consideration in his favor.

That was an action upon a coal lease, and it was not shown that possession had been taken under it, that any improvements or investments had been made upon the faith of it, or that any inconvenience or injury would result from its termination. And we do not think it applicable to the facts of the case under consideration.

In this case, the complaint shows that there was a steam saw-mill situated on the premises; that appellants had full power to sell and remove the same, and were granted for a consideration the right to occupy the same as long as they did so for mill purposes. There was no provision made for the grantor to come in and terminate the occupancy at his will.

If appellants had the right to sell or remove the mill, they were doubtless the owners thereof, and had invested means in its erection or purchase upon the faith of the right to occupy so long as necessary for their mill purposes.

We do not think the complaint states facts sufficient to constitute a good cause of action, and that the court below erred in overruling the demurrer to it. As to the demurrers to the different paragraphs of the answer, neither the first, second nor fourth shows that the alleged mistake was mutual, or that there was any mistake as to the facts stated in the instrument; and neither of them contains facts sufficient to authorize a reformation of the instrument. The sixth is insufficient to authorize a cancellation of the contract for the mill, and a recovery back of the purchase-money.

The third paragraph alleges that appellants purchased the mill of appellee, for which they paid him $2,000; that as a part of the consideration of said purchase, in addition to the payment of said $2,000, it was agreed by the parties that ap-

pellants were to have the possession and occupancy of said premises so long as they used them for mill purposes; and that the instrument sued on was executed and recorded in pursuance thereof. We think this paragraph of the answer stated facts sufficient to constitute a good defence to the action, and that the court below erred in sustaining the demurrer to it.

While the other named paragraphs were bad, they were good enough for a bad complaint, and the demurrers should have been carried back and sustained to the complaint.

The judgment of the court below ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is in all things reversed, at appellee's costs, and that the cause be remanded, with instructions to the court below to sustain the demurrer to the complaint, and for further proceedings.