NIC CONSTANTINE v. AUGUST FRESCHE ET AL.

Delivered December 23, 1897.

**1. Appeal—Parties—Separate Judgments.**

Defendant in an action for rent may appeal from a judgment for plaintiff without making his appeal bond payable to an intervener, who asked to foreclose a mortgage on certain furniture and in whose favor judgment was rendered by consent.

**2. Landlord and Tenant—Statutory Lien—What Included.**

The lien on animals, tools, and other property furnished by the landlord to the tenant, and on crops raised on the rented premises, given by Revised Statutes, article 3235, to all persons leasing or renting lands or tenements, to secure payment of the rent, does not apply to the furniture of the tenant on the leased premises.

**3. Pleading—Petition—Action for Rent.**

The petition in an action for rent in which plaintiff seeks to enforce a lien on the tenant's furniture in the leased premises, must allege that plaintiff rented a building of some character to defendant.

APPEAL from the County Court of Nueces. Tried below before Hon. W. P. HOPKINS.

*Marshall Rogers*, for appellant.—Where, in an action, plaintiff sets up and pleads the statutory lien, under title 58, landlord and tenant, article 3122a, Revised Statutes, and prays for foreclosure of a preference lien on property of the tenant, the pleader must, under the general demurrer and general denial, describe the tenement, if any, so leased as a residence or storehouse or other building, with sufficient certainty; and if he fails to

do so on the trial thereof, his pleadings can not be aided, assisted, or in any manner changed by proof over the objection of defendant. 20 Texas, 134; 22 Texas, 610; 7 Texas, 473; 19 Texas, 410.

No brief for appellees reached the Reporter.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee brought this suit against appellant for the recovery of rent of lots 11 and 12, in block 12, on the beach portion of the city of Corpus Christi. The petition did not allege that there was any building of any character upon the lots. It did allege "that defendant had in said premises, during said time, certain household and kitchen furniture, such as is usual and customary in running and operating a hotel, consisting of about twenty bedroom sets, and bedding for each bed, fifty chairs, twelve dining-room tables, a heating stove, counter, a safe, kitchen stove, and utensils; that plaintiffs have a landlord's lien on all of said furniture to secure the payment of said rents."

The Lone Star Brewing Company, of San Antonio, Texas, intervened, seeking to recover of defendant a debt and to foreclose a chattel mortgage on certain enumerated furniture alleged to be contained in a hotel and warehouse on lots 11 and 12, in block 12. The defendant did not contest the claim of the intervener, but admitted it, and judgment was rendered in its favor by consent. The defendant answered the plaintiffs' petition by a general demurrer and general denial.

Upon the trial the plaintiffs were allowed to prove, over defendant's objection, that there were a brick hotel and a frame residence upon the two lots, and that in them there was furniture.

Judgment having been rendered in favor of plaintiffs, as well as intervener, foreclosing both liens upon the furniture, the defendant has appealed from the judgment in favor of the plaintiffs, making his bond payable to them alone and assigning errors against them only. The appellee has moved to dismiss the appeal, because the appeal bond is not payable also to the intervener. We think the two judgments are distinct and severable, and that the defendant had the right to appeal, as he has done, from that in favor of the plaintiffs, without disturbing that in favor of the intervener, and that the motion to dismiss should be overruled.

We are further of the opinion that the judgment in favor of plaintiffs is not warranted by their petition. By article 3235, Revised Statutes, a lien is given to all persons leasing or renting land or tenements to secure the payment of the rent, but this lien applies only to animals, tools, and other property furnished by the landlord to the tenant, and to crops raised on the rented premises. It is plain that plaintiffs' petition shows no lien upon the furniture under this article. By article 3251 it is provided that "all persons leasing or renting any residence, storehouse, or other building shall have a preference lien upon all the property of the tenant in such residence, storehouse, or other building."

A comparison of these two articles makes it evident that, in order to secure a lien upon the property, other than that mentioned in article

3235, the landlord must have rented to the tenant a building of some character, and hence, for the pleading to show a landlord's lien, it must allege the renting of property of the character mentioned in the statute. This the petition in this case failed to do, and the consequence is that the plaintiffs by their pleadings do not state any facts which entitle them to a lien upon the property mentioned in the petition. The fact stated, that the property was such as is usual and customary in running and operating a hotel, does not necessarily imply that there was a hotel or other building located upon these lots, and that the property was contained therein.

Inasmuch as the petition failed to state any facts showing that plaintiffs had a lien upon the property, evidence to prove such facts was not admissible, and the court erred in receiving it; and for this error the judgment must be reversed and the cause remanded.

*Reversed and remanded.*