### JOHN T. MERSHON v. JOHN H. WILLIAMS.

Argued February 24, 1899—Decided June 12, 1899.

1. A plea of a former judgment only works an estoppel as to those matters capable of being controverted between the parties at the time of the proceedings in the former action.

2. A matter is not to be regarded *res adjudicata,* unless there be identity of the thing sued for, of the cause of action, of the persons and parties, the quality of the persons for and against whom the claim is made, and the judgment in the former action be so in point as to control the issue in the pending one.

3. An implied covenant for quiet enjoyment does not arise from the mere relation of landlord and tenant, even if such relation be created by lease under seal.

4. The mere use of the words "to let" and "to lease" in a written agreement of letting or leasing will not give rise to an implied covenant for quiet enjoyment or other covenants for title. In order to give rise to such a covenant or covenants the words "demise," "grant," or other words of like import, must be used and contained in the lease. The words "to let and to lease" are not of such import.

---

On demurrer to plea.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON, LIPPINCOTT and COLLINS.

For the demurrant, *Voorhees & Booraem.*

For the defendant, *Alan H. Strong.*

The opinion of the court was delivered by

LIPPINCOTT, J.   The action in this case is on contract. The declaration is in covenant founded on a lease made January 26th, 1892, by the defendant to the plaintiff of a certain messuage in the county of Monmouth, and of certain cattle and other animals in and upon the same.

It avers that " by a certain indenture or agreement of lease then and there made between the said defendant of the one part and the said plaintiff of the other part, which said indenture, sealed with the seal of the said defendant, the said plaintiff now brings into court here, the date whereof is the day and year aforesaid (a copy of which is hereto annexed and is hereby expressly referred to), the said defendant did demise, lease and to farm let unto the said plaintiff a certain messuage,   *   *   *   together with twenty head of cattle, farm horses, eighty head of fowl and a suitable number of shoats and pigs,   *   *   *   situate,   *   *   *   to have and to hold the said messuage, dwelling-house, farm and premises and chattels unto the said plaintiff, for the term of one year from the first day of March, eighteen hundred and ninety-two, with the privilege of four years more from the first day of March, eighteen hundred and ninety-three."

It further avers: "And the said defendant did, by the said indenture, covenant, promise and agree to and with the said plaintiff that he, the said plaintiff,   *   *   *   should and might quietly and peaceably have, hold, occupy, possess and enjoy the said messuage   *   *   *   for and during,   *   *   * without the let, suit, trouble, denial, interruption or molestation of the said defendant."

It further avers that, under this lease, the plaintiff entered into possession, took and accepted the privilege of the term of four years more mentioned in the lease, of which the defendant had legal notice, and kept and performed the agreement of lease, and also avers that, on the 1st day of March, 1893, the defendant expelled the said plaintiff from the possession and enjoyment of the said messuage, cattle, animals and chattels, and hath kept him so expelled therefrom, and averring consequent damage.

With other pleas to this declaration, the defendant filed a special plea in bar of the action, which avers that the defendant herein, with one Alice T. Williams, as plaintiffs, heretofore impleaded the plaintiff, with one Harvey H. Mershon, as defendants, in an action of ejectment, and in and by the declaration in that case, had demanded of the defendants therein the possession of the identical lands and messuage whereof the plaintiff herein hath complained for an eviction, and the same lands mentioned in the said indenture of lease, and that the right of possession in the plaintiffs therein accrued on March 1st, 1893, and that to this action the defendants therein pleaded the general issue, and that on the trial of the action the defendants therein were found guilty of the trespass in ejectment, as laid in the declaration to their charge, and that judgment that the plaintiffs therein recover against the defendants therein the possession of the said premises was duly entered in the Supreme Court, with costs against the defendant, as appears of record, upon which execution was duly had, and which said judgment still remains in force and effect and not set aside, vacated or made void, and, therefore, that the plaintiff in this action is not entitled to say that the plaintiff exercised the privilege of four years more in the said indenture of lease mentioned, nor that he became entitled to hold and enjoy the said premises and the goods and chattels for the said period of four years after March 1st, 1893.

It will be perceived that the declaration is founded upon a covenant for quiet enjoyment contained in the lease between the parties for four years beyond March 1st, 1893, and not

for a breach merely of the contract or in tort for a trespass in the eviction.

The plea is of judgment in a former action in bar of the present one, founded upon such covenant for quiet enjoyment, upon the ground that the matter is *res adjudicata.*

Whilst it is not necessary, in the view which the court has taken of the case, to express an opinion upon the legal efficacy of this plea, yet it appears quite conclusively that it is bad as a plea of former adjudication in bar of the pending action.

A matter is not to be regarded *res adjudicata* unless there be identity of the thing sued for, of the cause of action, of the persons and parties, and of the quality of the persons for and against whom the claim is made, and the judgment in the former suit be so directly in point as to control the issue in the pending action. 2 *Bouv. Dict.* 467; *Davis* v. *Brown,* 94 *U. S.* 423; *Minor* v. *Walter,* 17 *Mass.* 237. In an action of ejectment the defendant pleaded in bar a judgment in his favor in an action of trespass *quare clausum fregit,* in relation to the same land. The court held that it could not be assumed that the same cause of action arose in both suits, as one action might affect title to lands, the other only the right of possession. *Arnold* v. *Arnold,* 17 *Pick.* 4.

The record of the former judgment only works an estoppel as to those matters capable of being controverted between the parties at the time of the proceedings in the action. *Robinson* v. *Kruse,* 29 *Ark.* 575; *Cleaton* v. *Chambliss,* 6 *Rand.* 86; *Hall* v. *Levy,* 44 *L. J. C. P.* 89, and cases cited; 5 *Jac. Fish. Dig.* 7917.

The record must show that the issue was taken on the same allegations which are the foundation of the second action. The test is whether the proof which would fully support the one case would have the same effect in tending to maintain the other. *Big. Estop.* 27 ; *Gould Pl.* 57, 264 ; *Steph. Pl.* 353.

It seems manifest, applying these principles, that the plea here tendered is not an estoppel against the plaintiff.

These reflections are only made as they appear to be naturally appropriate to the case as presented.

The necessity of further discussion upon this point and a decision thereon is rendered unnecessary by the conclusion reached by reason of the insufficiency of the declaration.

It is a rule of law that upon demurrer judgment will be given against the party whose pleading is first defective in substance. *Brehen* v. *O'Donnell*, 5 *Vroom* 408. It reaches back through all previous pleadings, and judgment thereon must be given against the party in whose pleadings the first substantial defect is found. *Nixon* v. *Fithian*, 32 *Id.* 4; 1 *Chit. Pl.* 668.

The declaration, as has been said, is founded upon a breach of a covenant for quiet enjoyment, and not in tort for trespass.

By section 123 of the Practice act (*Gen. Stat., p.* 2554), the lease being referred to, in and annexed to the declaration is made a part thereof just as much as if it had been precisely set forth, and it is to be examined in order to ascertain whether a cause of action is stated against the defendant. *Hill* v. *Smalley*, 1 *Dutcher* 374; *Loeb* v. *Barris*, 21 *Vroom* 382. There is no express covenant for quiet enjoyment contained in the lease and the declaration therefore is upon a covenant in law of that character—that is, an implied covenant for quiet enjoyment.

The defendant contends that no such implied covenant arises from the terms of the lease.

The lease, after the statement of the date and parties, provides : " That said Williams agrees to let to the said Mershon to farm on equal one-half shares for the term of one year from March 1, 1892, with the privilege of four more years from March 1, 1893, on his part to farm the property for the one-half share." Again it is provided that " said Williams leases to said Mershon all that farm containing 160 acres more or less." The messuage is described, and the duties and rights of the landlord and tenants defined, but the only words used are " let to " and " lease to." Williams agrees to " let to " and to " lease to," and Mershon agrees " to take " the farm, and these are the words in which the parties have couched the indenture of lease between them.

The question presented is one of some difficulty and contrariety of judicial opinion.

It has been held by all the cases in which the subject has been considered that from the words "demise" or "grant," in a lease under seal, a covenant for quiet enjoyment will be implied. 2 *Platt Leas.* 285, and cases cited.

I do not find the cases harmonious upon the question what other words used will give rise to the covenant, or whether it will be implied from the relation of landlord and tenant created by an agreement under seal.

The feudal warranty was a natural incident of tenure and implied from it, and it protected the vassal from the paramount title of others, and against the lord to take back what he had parted with—that is, to protect the vassal in its enjoyment. *Butler Co. Litt.* 365 *a;* 6 *Bracton (Twiss)* 16, 47, 81, 85 ; *Gilb. Ten.* 139 ; *Reeve Com. L.* 423 (*ed.* 1869); *Wright Ten.* 27–32 ; *Rawle Cov. Tit.,* ch. 1.

But when it became usual to authenticate the transfer of land by charter or deeds, a warranty was implied from the words of feoffment, *dedi* or *concessi,* "and no other verb in our law doth make a warranty, but *warrantizo* only." *Co. Litt.* 384 *a; Rawle Cov. Tit.,* § 270. The doctrine of implied warranty for title arose out of these words in such deeds and charters.

It is said in *Rawle Cov. Tit.* (*5th ed.*) 272, that with respect to estates less than freehold, covenants for title—that is, power to demise, and for quiet enjoyment for the term—were from the earliest times implied not only from the words of leasing, such as demise, *concessi* or the like, but even from the relation of landlord and tenant, and that such is the law at the present time, unless where, as in some of the United States, it has been altered by legislation. The author cites many English and American cases.

An examination of these cases reveals the fact that in nearly all of them the words "demise" or "grant" were used in the leases, and the judicial expression seems to be that the covenants may be implied from the words "demise, grant or the

like." It does not clearly appear in these cases what "like" words would give rise to those covenants.

In the case of *Lovering* v. *Lovering*, 13 *N. H.* 513, it was held that a covenant for title could not be implied from the words "let and lease."

In *Maule* v. *Ashmead*, 20 *Pa. St.* 482, it was held as a legal proposition that the word "lease" was a fair translation of *demise*, and ought to be and is interpreted in the same way by the courts. In that case the lease did not contain the words "demise and grant." It was for five years, and after three years an eviction occurred. The lessee had improved the property at great expense of money and labor, so that its produce for the remaining two years would have been much greater than for the three years. This action was brought to recover compensation for this loss. It would appear from the case that the recovery was placed on the ground on the right of the lessee to this compensation rather than upon a breach of the covenant for quiet enjoyment.

In *Granger* v. *Collins*, 6 *Mees. & W.* 458, the court held that no implied covenant of title arose from the relation of landlord and tenant. This was upon a demurrer to the declaration.

In *Messent* v. *Reynolds*, 3 *C. B.* 194, there was a written agreement to let, followed by possession, and afterwards an eviction by the reversioner. Apart from certain conditions of the lease, it was considered by the judges doubtful whether a contract for quiet enjoyment would be implied from a mere agreement to let. Chief Justice Tindell said: "It ought to appear at all events that there is an absolute agreement to demise to the plaintiff absolutely for the term." This was also held in *Baxter* v. *Ryerss*, 13 *Barb.* 267.

The general rule is that an implied covenant is much more restricted in its interpretation than one which is express. An implied covenant cannot endure longer than the estate out of which it arises. *Rawle Cov. Tit.* (5th ed.), § 275, and cases cited.

In *Hart* v. *Windsor*, 12 *Mees. & W.* 68. 85, it was said :

"It is clear that from the word demise in a lease under seal the law implies a covenant, and in a lease not under seal a contract for title to the estate—that is, for quiet enjoyment against the lessor, and all that come in under him by title and against others claiming by title paramount during the term—and the word let or any equivalent words (*Shep. Touch.* 272) which constituted a lease have no doubt the same effect, but not more. *Shep. Touch.* 165, 167."

This is the only authority for the proposition laid down in Hart *v.* Windsor. This reference I think does not support it. The expression in *Sheppard's Touchstone*, and the only pertinent one is, " If one shall make a lease for years by the words (demise or grant), and there is not contained in the lease any express covenant for the quiet enjoyment of the land." In this case the law doth supply a covenant for the quiet enjoying of it against the lessor, and all that come under him by title during the term, and upon this the lessee, his executors and administrators or assigns may have an action of covenant if he be disturbed." On page 167, *Sheppard's Touchstone* refers to the covenant as one in law arising upon the words " demise or grant." It will be seen that this implied covenant arises upon the words " grant or demise " contained in the lease, and it is reasonable to conclude it would not otherwise be implied.

The general signification of the word " demise " is that it is a conveyance in fee for life, or for years. It denotes something more than a mere letting or a lease, as, for instance, a grant. 1 *Bouv. Dict., tit. "Demise."*

It would seem that it means more to the lessee than a mere letting by the landlord, or the mere taking by the lessee generally embraced in the mere terms " to lease" or " to let." These latter words, it would appear, can have relation only to the mere term. 1 *Bouv. Dict.* 15, 29. A demise embraces a fee (*Gilmore* v. *Hamilton*, 83 *Ind.* 196), and it seems particularly designed for use to import to the agreement between a landlord and tenant implied covenants on the part of the lessor of good right and title to make the lease, and an implied cove-

nant of quiet enjoyment.    9 *Am. & Eng. Encycl. L.* (2d ed.) 217, and cases cited under the title of "Demise." In *Gilmore* v. *Hamilton, supra,* it was said that the term "demise" imported something of more permanency than a tenancy at the will of the lessor.    The terms can have no such signification in an agreement for the leasing of goods and chattels. *Hinde* v. *Gray,* 1 *Man. & G.* 195.    In *Dexter* v. *Manley,* 4 *Cush.* 14, where the words were "demised and leased," the court held that those terms imported a grant such as carried with it an implied undertaking or covenant in law, on the part of the grantor that the grant is intended to be beneficial, and that so far as he is concerned he will do no act to interrupt the free and peaceable enjoyment of the thing granted. The words "grant or demise" pertain to an estate in lands, and not to the mere privilege of occupation or possession upon the payment of rent.

But whatever the reasoning upon this matter may be, it has been settled in this state that a covenant for quiet enjoyment as one of the covenants of title, cannot be implied from the mere relation of landlord and tenant, even when that relation is created by deed.

In the case of *Gano* v. *Vanderveer,* 5 *Vroom* 293, the late Chief Justice Beasley said : "A man does not, when he conveys or leases land, covenant or agree *ipso facto* that the title is good.    In the civil law from an adequate price a warranty was implied ; but it was to the contrary of this in the common law.    *Frost* v. *Raymond,* 2 *N. Y. T. R.* 188 ; *Philips* v. *Mayor, &c.,* 2 *Vroom* 143.    In *Granger* v. *Collins,* 6 *Mees. & W.* 458, the Court of Exchequer held that no implied agreement for quiet enjoyment would arise from the mere relation of landlord and tenant.    The books are full of cases touching the question from what words employed in the creation of a term of years a covenant or agreement to warrant title would be implied.    Thus, in an early case (Holder *v.* Taylor) it was decided that the word *demise* imports a covenant that the lessor had power to lease.    So the word *concessi* has equal efficiency.    *Style* v. *Hearing, Cro. Jac.* 73 ; 1 *Saund.*

322, *N.* (2). It has been doubted whether the words let and lease have any such effect by implication. Now, it is evident that the reports are full of cases of this sort, and yet they are all obviously idle and nugatory, if, by force of the mere creation of a term of years, an agreement to warrant the title will arise."

In *Naumberg* v. *Young,* 15 *Vroom* 331–345, Mr. Justice Depue said : " The doctrine with respect to covenants implied from the letting has been held with great strictness in this state. A covenant on the part of the lessor, even for title, will not arise from the relation of landlord and tenant; there must be either an express agreement to that effect, or words must be used from which such an agreement can be implied."

It is evident in order to create the relation of landlord and tenant, the words " let and lease," or words of like import, must be used, and their mere use cannot create the covenant in law for quiet enjoyment.

The words " let to " and " lease to " used in this lease, simply created the relation of landlord and tenant, out of which no implied covenant for title, or for quiet enjoyment, arose.

Therefore, it is that the declaration does not show a good cause of action, and as it is defective in this respect, the demurrer cannot be sustained.

Judgment on the demurrer must be for the defendant, with costs.