Summers, J.
The contention of counsel for plaintiffs below is, First, that the term granted by each of these instruments was for only six months, and that, thereafter, the gas company could continue to hold only by agreement or consent of both parties. Second, that the gas company having the right to terminate the grant, the first party had the same *134 right by operation of law; and, third, that the grant was upon the express condition of development, and that the company having failed to develop the territory, the grant terminated by the terms of the instrument itself.
In Oil Company v. Crawford, 55 Ohio St., 161, a lease similar to the one in these cases, except that the time within which the oil company was to exercise its rights was limited to five years, and also except in that it contained a forfeiture clause, was interpreted, and it was there held: “First, that such instrument is a lease of the land, oil and gas for the limited time and purpose expressed therein. Second, that the forfeiture is for the benefit of the lessor and at his option. Third, that the promise to drill a well or pay rental cannot be discharged by a mere failure to perform the promise. Fourth, upon failure to drill the well, or instead thereof to pay the agreed rental, such rental may be recovered by action as rental, and need not be sued for as unliquidated damages.”
And in the opinion Burket, J., says: “So that whether the instruments in question are regarded as leases, options or licenses, the plaintiff below is entitled to receive the considerations or rentals agreed to be paid.”
And in the case of Brown et al. v. Fowler et al., 65 Ohio St., 507, where the lease provided that the lessee should have the right, at any time, to surrender the lease, the right or option to terminate the lease was said to be in the lessee, and the fourth paragraph of the syllabus is: “Held also that as the consideration of one dollar paid for the whole lease was also a payment for this clause, the lease is not void for want of mutuality. ’ ’
*135 . It would seem to follow that the option to terminate these leases or to keep them in force by payment of the stipulated rental is in the lessee and that the one dollar and the agreement to pay the rental is a good consideration for the option.
The cases of plaintiffs below seem to have been suggested by, and based upon, the statement made by Burket, J., in Brown et al. v. Fowler et al., supra, on page 523, that, “a tenancy at the will of one party is a tenancy also at the will of the other. ’ ’ Assuming that the statement is correct in cases of mere tenancy at will, it has no application in these •cases. This is no mere tenancy at will. There is a good and valid consideration for the option .granted by these instruments, and it is immaterial whether they are called leases, deeds,- or written agreements. The intention of the parties is to control and it is manifest that it was not the intention of either party that the right granted by the instrument should be a mere license that could be terminated by the grantor at any time.
In Warner v. Tanner, 38 Ohio St., 118, a written instrument like the instruments under consideration in this case, in that it was in the nature of a lease and for no definite term and with an option in the lessee to terminate it at any time, was under consideration, and it was held:
“T and B executed an instrument under seal, signed by two witnesses, and acknowledged by T before a justice of the peace, in which instrument it is covenanted that T leases to B two acres of land (described in the instrument), with the use of water in adjoining lands of T and privilege of conducting it in pipes ‘to a cheese house to be erected on said premises, T reserving enough water to accommodate *136 the stock kept on the farms of T. And B is to bnild a cheese house on the premises, and agrees to pay T for the use of the premises and the privileges aforesaid, thirty dollars per annum on the first day of October, in each year, while the premises shall be used as and for the manufacture of cheese; and when the premises shall no longer be used for such purpose, the premises, together with the privileges aforesaid, shall revert to T, said B having the privilege of removing all buildings and fixtures put upon said premises by him.’ Held, that this was a lease to B for life, provided he continued to use the premises for the manufacture of cheese thereon and paid rents, with the right at any time to remove the buildings and fixtures placed on the premises by _ such lessee. ’ ’
In that case the instrument contained no words of inheritance, and, presumably for that reason, it was held to be a lease for life, only.
In Delhi School District v. Everett, 52 Mich., 314, it is held, in an opinion by Cooley, J.: “A lease to a school district, to hold the property ‘during the time it is used for school purposes,’ is a lease in perpetuity at the will of the lessee; and as the lessee is a corporation, and words of inheritance are not required, the lease, if a present consideration is paid, really operates as a bargain and sale, and conveys a base or determinable fee'. ’ ’
In Foltz v. Huntley, 7 Wend., 210, the syllabus is as follows: “A demise to A B, his heirs and assigns, for such term of time as he pays rent, etc., he, on his part, covenanting for himself and his heirs, etc., to pay rent and perform covenants, is a perpetual lease. The lessor, but not the lessee, may elect, on default, to consider it forfeited.”
*137 In Lowther Oil Co. v. Guffey et al., 52 W. Va., 88, 43 S. E. Rep., 101, it was held that, “Where a grant, of oil and gas, and oil and gas privileges, in consideration of one dollar, without limitation as to time, contains a forfeiture clause in these words: ‘In-case no well is completed within two years from this date, then this grant shall immediately become null and void as to both parties: provided, that second, party may prevent such forfeiture from year to year by paying to the first annually in advance eighteen and seventy-five one-hundredths dollars, at-her residence, until such well is completed, ’ such lease is thereby converted into a lease from year to year, at the option of the lessee, until a well is completed. It would then continue so long as oil or gas is produced in paying quantities.”
See also Alexander v. Tolleston Club, 110 Ill., 65; Gilmore v. Hamilton, 83 Ind., 196; Hosack v. Crill, 204 Pa. St., 97; 53 Atl. Rep., 640.
It is true that at common law a lease at the will of one party was at the will of either, and for the reason that an estate at the will of the lessee, his heirs or assigns, was the equivalent of the fee-simple, which could not-he granted by a lease.
But in this state, at an early day it was provided,, by statute, that permanent leasehold estates, renewable forever, should descend as estates in fee, and they were made subject to he taken on execution as-real estate.
• Why the common law rule is not the law in this-state is well stated by Lowrie, C. J., in Effinger v. Lewis, 32 Pa. St., 367. He says: (368) “This lease-is for one hundred years, with the right in the lessee, his heirs or assigns, to hold the premises at the same rent, as long thereafter as he or they shall think *138 proper; and the counsel insists that, after the hundred years, this becomes a lease at the will of one party, and therefore of either. He urges that ■such was, for several centuries, the common law of England; and that, therefore, it is now a part of our ■common law, and that we have assumed legislative functions in setting it aside.
(369) “Now if the law relied on here depended on -a custom that has passed away, it is not we, but the people themselves, that have set aside the law; and it would be mere usurpation in us to declare that it is still in force.
‘(That law did depend on a custom that has passed away. An estate at the will of the grantee, his heirs and assigns, is equivalent to a fee simple, and such an estate could not, by the old customs, be conveyed without livery of seisin. By the same customs, there could be no livery of seisin under a lease, but a mere taking of possession. Land granted by livery of seisin, without defining the quantity of the ■estate, was treated as a life estate. Where there was merely a delivery of possession, without defining the term, there arose only a tenancy at will. For want of livery of seisin, and the form of conveyance proper to that ceremony, it was necessary to treat an estate at the will of the grantee, as being also at the will of the grantor, else a fee simple might be granted in a form that pertained to the lowest order of estates; and this the customs of that •day did not allow.
“Now and here, it is otherwise. With us, a fee ¡simple may be granted without livery of seisin, as well as a lease for years, or at will.
(370) “There is nothing, therefore, to prevent us from giving effect to this contract according to the *139 intention of the parties. If they meant to create an •estate that should endure so long as the grantee, his heirs and assigns, should desire to keep it at the rent agreed upon, then such is its character; and this silences all the minor objections brought to bear on the title. That they did mean such an estate, is •quite plain from their agreement.
“It is, in terms, a demise and grant to James Crozer, his heirs and assigns, for one hundred years, and as much longer as he and they may think proper, at an annual rent of three pounds, and with leave to him or them to surrender the premises at any time during the term, on giving one year’s notice; and the grantor, for himself, his heirs, executors, and administrators, covenants with the grantee, his heirs and assigns, that they shall quietly enjoy and hold the premises and privileges granted, against the grantor or any person claiming under him.
“It would be darkening counsel with words to attempt to prove that this means to grant an estate to be held and assigned at the will of the grantee and those holding 'under him. The parties have so contracted, and the law does not forbid it.”
The judgment is reversed and the cause remanded to the circuit court for further proceedings.

Judgment reversed.

Spear, C. J., Davis, Shauck, Price and Crew, JJ., •concur.