## LEE v. LOWERY *et al.*

### No. 3303.   Opinion Filed May 12, 1914.

### (140 Pac. 1175.)

1. **LANDLORD AND TENANT — Landlord's Lien—Petition.** In an action to enforce a landlord's lien against the crops of a tenant under section 3809, 3810, Rev. Laws 1910, a petition which fails to state facts sufficient to show wherein the plaintiff is entitled to the portion of the crop claimed, by failing to allege any contract between him and the tenant, or to show that anything was due from the tenant to him, or that the tenant was under any obligation to plaintiff to pay him the portion of the crop claimed, does not state facts sufficient to constitute a landlord's lien under said sections.

2. **ATTACHMENT — Plea of Interpleader — Sufficiency—Landlord's Lien.** A plea, whereby an interpleader attempts to set up claim to property which had been attached by another party claiming a landlord's lien under sections 3809, 3810, Rev. Laws 1910, which states, "Plaintiff (interpleader) states that the property claimed by plaintiff in his bill of particulars herein filed belongs to him, the said Robert E. Lee, by virtue of a certain written rental contract made and entered into between himself and Mrs. Mattie E. Dunlap in the year 1910, and that the plaintiff herein has no right, title, or interest in and to the said property whatever," does not state facts on the part of the interpleader sufficient to conform to the requirements of the statute.

(Syllabus by Harrison, C.)

*Error from County Court, Le Flore County;*
*P. C. Bolger, Judge.*

Action in attachment by John A. and M. C. Lowery, partners, doing business as Lowery Bros., against M. L. Glaze, Robert E. Lee, interpleader. Judgment for plaintiffs, and Robert E. Lee, interpleader, brings error. Affirmed.

*Hale & Lunsford* and *R. G. Bulgin,* for plaintiff in error.

*T. T. Varner,* for defendants in error.

Opinion by HARRISON, C. This action was originally begun in a justice court of Le Flore county by the firm of Lowery Bros., by a proceeding in attachment against M. L. Glaze, wherein certain crops, gathered and ungathered, were sought to be

attached in satisfaction of rent alleged to be due to the firm of Lowery Bros. Before the cause between Lowery Bros. and Glaze was tried, Robert E. Lee was given leave to interplead claiming the attached property as his. Judgment was rendered in favor of Lowery Bros. and Robert E. Lee, interpleader, appealed to the county court. In the county court Robert E. Lee was given leave to substitute his interplea, which was alleged to have been lost from among the papers in the justice court. Lowery Bros. demurred to the interplea upon the ground that it failed to state facts sufficient to show Lee entitled to the attached property. The court overruled the demurrer and allowed Lee to introduce testimony in support of his claim to the property. To all of which Lowery Bros. objected and excepted. But after hearing testimony, upon motion of Lowery Bros., the court gave a peremptory instruction for a verdict in favor of Lowery Bros., pursuant to which the verdict was returned and judgment rendered in Lowery Bros.' favor. From such judgment, Robert E. Lee, interpleader, appeals.

In determining whether the court erred in instructing a verdict in favor of Lowery Bros., it is necessary to determine the nature of the claim of Robert E. Lee, the interpleader. The original defendant, M. L. Glaze, was a tenant on a certain tract of land, and made no defense against either plaintiff or the interpleader, but merely awaited the judgment of the court as to whom he should pay the rents Both claims for the rent were in the nature of a landlord's lien. Lee claimed it by virtue of a lease contract with Mattie F. Dunlap, the then owner. Lowery Bros. claimed it by virtue of an unexpired five-year contract executed to them prior to the purchase of the land by Mattie F. Dunlap and by virtue of a contract with M. L. Glaze for the year 1910; the property attached being a portion of the crop raised by Glaze during said year. Lee based his claim upon the following interplea:

"Comes now Robert E. Lee, interpleader herein, and states that the interplea heretofore filed in the court below has been lost and misplaced and does not appear in the transcript, wherefore he files this interplea at this time. Plaintiff (interpleader) fur-

ther states that the property claimed by plaintiff in his bill of particulars herein filed, belongs to him, the said Robert E. Lee, by virtue of a certain written rental contract made and entered into between himself and Mrs. Mattie F. Dunlap in the year 1910, and that the plaintiff herein has no right, title, or interest in and to the said property whatever. Wherefore the interpleader prays that he have judgment. * * * "

The rental contract which Lee claimed to have relied upon was not attached to or made a part of the interplea. Therefore we think the interplea was in itself insufficient to show the interpleader entitled to the attached property; as his claim to the attached property was in the nature of a landlord's lien, under sections 3809, 3810, Rev. Laws 1910, the enterplea should have stated facts sufficient to show wherein he was entitled to a portion of the crop raised by M. L. Glaze, the tenant. Nor does it show that he had any contract with M. L. Glaze for the rents for that year, nor that any sum was due from Glaze to him out of the rent for that year.

In *Greeley v. Greeley & Greeley,* 12 Okla. 659, 73 Pac. 295, which was an action to enforce a landlord's lien for rent, under the statute, the question of the sufficiency of the affidavit in attachment to entitle the plaintiff to the enforcement of the landlord's lien was before this court. Mr. Justice Burford, in rendering the opinion, said:

"Does the affidavit filed in the case conform to the requirements of the statute? The statute requires the defendant to 'state that there is due from the defendant to the plaintiff a certain sum, naming it, for rent of farming lands, describing the same, and that the plaintiff claims a lien on the crop made on such land.' The only allegation of the affidavit in this case, so far as the rent for the year 1901 is concerned, is in the following language: 'That said claim is just and due, and that plaintiff believes she ought to recover from said defendant the sum of $480, rent as aforesaid.' It is manifest that this part of the affidavit was made under the general attachment law, and does not meet the requirements of the special statute under consideration, for the reason that it does not, either in terms or effect, "claim a lien on the crop made on such land.' This we think was necessary. * * * "

See, also, *Robison v. Kruse,* 29 Ark. 575; *Constantine v. Fresche (Lone Star Brew. Co., Intervener),* 17 Tex. Civ. App. 444, 43 S. W. 1045; 25 Cyc. 62.

We think, therefore, that although the court erred in overruling the demurrer to the interplea and admitting testimony in support of same over the objection and exception of Lowery Bros., upon final consideration of same, after the testimony was introduced, it was correct in giving a peremptory instruction in favor of Lowery Bros. We think that neither the interplea nor the evidence, nor both, were sufficient to show that the interpleader had a right· to enforce a landlord's lien against M. L. Glaze for a portion of his crop for the year 1910, and that the judgment of the county court should be affirmed.

By the Court: It is so ordered.