## THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* BARTH.

[No. 23,184.   Filed November 23, 1916.]

RAILROADS.—*Grant of Right of Way.*—*Tenancy at Will.*—A grant to a railroad company of a right of way for a switch track whereby the company contracted for the right, "at any time it may see fit to do so," to abandon the agreement and remove its track, was a lease creating a tenancy at will which was terminable at the will of the lessor, as well as of the lessee company.

From Washington Circuit Court; *William H. Paynter*, Judge.

Action by Elizabeth Barth against The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the

defendant appeals. (Transferred from the Appellate Court under §1394 Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*M. Z. Stannard,* for appellant.

*John D. Welman, Charles L. Jewett* and *W. W. Hottel,* for appellee.

SPENCER, J.—For a statement of the facts and circumstances leading up to the institution of this action reference is here made to the opinion of this court in *Barth* v. *Pittsburgh, etc., R. Co.* (1910), 175 Ind. 554, 93 N. E. 535. Subsequent to the decision in that case appellee instituted this proceeding to recover possession of certain lands over which appellant was maintaining switch tracks, and took the position that the instrument under which the railroad company operated such tracks is a lease creating a tenancy at will and therefore terminable on the giving of one month's notice to quit. That instrument contains the following provisions:

"Know all men by these presents, whereas, the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company has entered into certain agreements with the August Barth Leather Company and the New Albany Manufacturing Company for the construction and operation of certain side tracks Nos. 6 and 23, * * * And whereas, the route of said proposed side track No. 6 passes over certain land owned by Elizabeth Barth (widow of August Barth) in said city of New Albany, county of Floyd, state of Indiana, described as follows: * * * The route of said track being shown on the plan attached hereto, marked 'Exhibit A' and made part of this conveyance.

"That I, Elizabeth Barth, widow of August Barth, for and in consideration of the sum of $1 and the fulfillment of aforesaid agreement,

received to my full satisfaction, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, the right to enter upon said premises and to construct, maintain and operate thereon said side track, provided said side track shall not be used for the storage of cars and no cars shall be allowed to remain thereon longer than is necessary for loading and switching purposes, where the same now is or may be surveyed and located. The width of the land to be occupied for this purpose, however, not to exceed fourteen (14) feet; also the right to cut and remove for my use, however, such trees as may be liable to fall upon said track; and also the right to said company at any time it may see fit to do so, without further compensation to me, to take up and remove so much material as may belong to it, used in the construction and maintenance of said side track.

"To have and to hold the above described rights and privileges unto the said Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, its successors and assigns, for so long a time only as such company, its successors and assigns, shall elect to continue the existence and use of said side track No. 6 * * * for the use of the August Barth Leather Company, its successors and assigns. And after the removal of the same, as above provided, all right, title and interest of the said Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company in and to the above described premises shall cease and determine absolutely."

The trial court construed the above instrument to be a lease creating a tenancy at will, and to sustain that construction appellee here relies on the decision of this court in *Knight* v. *Indiana, etc., Co.* (1874), 47 Ind. 105, 17 Am. Rep. 692. The instrument there under consideration purported to convey to a predecessor of the coal company, and to

his assigns, all of the mineral coal, limestone, iron ore, etc., on a certain tract of land in Clay county, and authorized his entry onto said lands to search for and remove such minerals, if any were there found. It also provided that he should have "the right to abandon said lands and mining at any time, and remove all his buildings and fixtures from said lands." The instrument was construed to be a lease, containing "an express contract that, so far as the lessee is concerned, he may terminate the lease, abandon the lands and mining, and remove his buildings and fixtures from the lands at any time. This must be regarded as the creation of an estate at will. It is a stipulation which applies to the whole interest of both parties under the instrument, and every section and clause in it. The lessee has only to will it, and every part of the instrument and every interest under it, whether of the lessor or of the lessee, is at once at an end. It is a well settled and well known rule of law that a lease or estate which is at the will of one of the parties is equally at the will of the other party. One of them is no more or no further bound than the other. As the lessee in this case had the clear right, at his will, to terminate the tenancy at any time, so also had the lessor. It cannot be otherwise."

To defeat the application of the above decision in this case attention is called to the rule announced in *New American Oil, etc., Co.* v. *Troyer* (1905), 166 Ind. 402, 76 N. E. 253, 77 N. E. 739, to the effect that gas, oil and similar mining contracts are to be treated as in a class by themselves on account of the peculiar characteristics of the business. The decision in the Troyer case is thus explained in *Bryson* v. *Crown Oil Co.* (1916), *ante* 156, 160, 112 N. E. 1: "Conceding that we there held gas and oil contracts to be in a class by themselves, and that

certain elements peculiar thereto are to be considered in the construction of such contracts, such a decision does not determine that all matters relative to the development of gas and oil properties, and to the rights of the parites in interest, are to be governed by a special system of jurisprudence founded on the peculiarities of the business." In other words, when the nature and extent of the subject-matter of a mining contract is such that it cannot be known to the parties when the agreement is executed, that fact may be taken into consideration in determining their rights under the instrument. So far as applicable, however, the usual rules of law are otherwise controlling and we know of no reason why the term of a lease contract for a railroad right of way should not be determined in accordance with such rules.

In this connection, the further assertion is made that the instrument here under consideration is not a lease but rather a grant to use and occupy, which, when accepted and acted on by the grantee, is not revocable at the pleasure of the grantor. To support this position reliance is placed particularly on the decision in *Gilmore* v. *Hamilton* (1882), 83 Ind. 196, in which the Knight case is considered and sought to be distinguished. Without determining whether a correct result was reached in *Gilmore* v. *Hamilton, supra*, it is sufficient to state that the reasons there given for not treating the contract under consideration as a lease or a license are not controlling in the present case. It is true that the instrument executed by Mrs. Barth granted certain "rights and privileges unto the said Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, its successors and assigns, for so long a time only as such company, its successors and assigns, shall elect to continue the existence and use" of the side

tracks in question. It is true also that one purpose for the execution of the contract was to enable appellant to carry out certain shipping agreements which it had made with third persons, but whatever those circumstances may indicate as to the original intention of the parties, there can be no doubt that when the railroad company contracted for the right to abandon the agreement, "at any time it may see fit to do so," it created an estate at will in itself which was terminable in like manner at the will of its grantor. Any other construction would destroy mutuality of termination which is an element to be considered in the interpretation of such contracts. The decision in *Knight* v. *Indiana, etc., Co., supra,* is authority here, both as determining the character of the instrument in question and as fixing the estate which it created.

The remaining questions presented by the appeal are dependent for solution on a construction of the lease agreement and are determined by our conclusions above stated. Judgment affirmed. Lairy, J., dissents.

NOTE.—Reported in 114 N. E. 81.