CRECELIUS et al. v NEW ALBANY MACH. MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. December 18, 1924. Rehearing Denied February 27, 1925.)

No. 3336.

Courts ⊂⇒310—Federal court held without jurisdiction, where joinder of indispensable parties would destroy diversity of citizenship.

To a suit by the owner of land to enjoin interference with an appurtenant easement, title to which is not in the owner of the land, but in a lessee and another, the latter are indispensable parties, and, where their joinder would place citizens of the same state on opposite sides, a federal court is without jurisdiction.

Appeal from the District Court of the United States for the District of Indiana.

Suit in equity by the New Albany Machine Manufacturing Company against Julia B. Crecelius and others. Decree for complainant, and defendants appeal. Reversed, with directions to dismiss for want of jurisdiction.

Frank C. Dailey, of Indianapolis, Ind., for appellants.

Paul Y. Davis, of Indianapolis, Ind., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. This appeal is to reverse a decree of the United States District Court of Indiana, enjoining appellants, here called defendants, from removing railway tracks, etc., belonging to the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, here called railway company, constructed and operated upon property in which appellee, here called plaintiff, claimed and was decreed to have an easement. Instruments, relating to the alleged easement, which for brevity will be called A and B, are hereinafter set out.

The original defendant, Elizabeth Barth, now deceased, the grantee in A, and the present defendants, her children and heirs at law, were citizens of and resided in Indiana. The original plaintiff, Jane De Pauw Gates, a daughter of Newland T. De Pauw, the president of the grantor in A and the principal grantor in B, was a citizen and resident of the state of Kentucky. Newland T. De Pauw died in 1913, and through his will and by purchase from her sister Jane De Pauw Gates became the owner of the fee to certain premises owned by said Newland T. De Pauw, and which were, at the time of the making of A and B, and at the time Jane De Pauw Gates obtained her title thereto, occupied by the grantor in A, New Albany Manufacturing Company, under a lease, from year to year, from Newland T. De Pauw. By her father's will and by purchase from her sister, Jane De Pauw Gates became the owner of 420 shares of the capital stock of the New Albany Manufacturing Company, owned by Newland T. De Pauw at the time of the execution of A and B, and at the time of his death. The remaining 220 shares were not owned by him, and there is no allegation as to their ownership.

The bill alleges that on April 1, 1915, the New Albany Manufacturing Company, the grantor in A, together with plaintiff, leased the tract of land occupied by the New Albany Manufacturing Company to one Henry H. Martin, to be used and occupied by him as a manufacturing plant, and alleges that it was so occupied at the commencement of the suit. It is further alleged: That De Pauw and the New Albany Manufacturing Company desired to provide, increase, and improve the facilities of the New Albany Manufacturing Company for receiving coal, etc., and that Elizabeth Barth also desired a side track for the August Barth Leather Company, a corporation in which she was interested. That to carry out those desires A was executed, as follows:

"This indenture witnesseth, that the New Albany Manufacturing Company, a corporation of New Albany, Indiana, conveys, quitclaims, and releases unto Elizabeth Barth, for the sum of one dollar ($1.00) and for other valuable considerations, hereinafter stated, the following described real estate in the city of New Albany, county of Floyd, state of Indiana, to wit: All right, title, claim, interest, and estate of the said grantor in, to, and of the tract and lot of land thus bounded: Beginning at the intersection of the west line of East Ninth street with the south line of the right of way of the Jeffersonville, Madison &. Indianapolis Railroad (otherwise known as the Pennsylvania Railroad); running thence southward on said Ninth street to the north line of McBeth street; thence westward to the Grant line; thence along said line, northward, to the line of said right of way of said railroad company; and thence to the place of beginning—being all of the land lying south of the said railroad owned by De Pauw College at New Albany, Floyd county, Indiana, and deeded by said De Pauw College to the grantor herein by deed dated February 14, 1903, and recorded in Deed Record 54, at page 276 of the records of Floyd county, Indiana.

"This conveyance is made upon the consideration that said Elizabeth Barth shall convey and grant unto the said New Albany Manufacturing Company and the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company a right of way and easement over the lands and grounds of said grantor beginning at a point on the south side of the present tracks of the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, at such point as the said railway company shall designate west of Upper Ninth street, and extending eastwardly across and over the grounds of said grantor and the ground herein conveyed, and over and across the south side of McBeth street, and across East Tenth street, to the ground and lands now occupied by the New Albany Manufacturing Company; said right to lay and maintain said switch to exist as long as said grounds shall be occupied by said New

Albany Manufacturing Company, its successors or assigns, or Newland T. De Pauw, the owner thereof, his grantees or assigns, for manufacturing purposes."

(Foregoing deed was dated April 3, 1903, and recorded June 4, 1904.)

That on the same date Elizabeth Barth, the original defendant, for a consideration passing to her from De Pauw, further agreed to grant, and did then and there grant and convey, to the New Albany Manufacturing Company, the grantor in A, and to the railway company the right to lay the switch in question. Then follows the averment:

"A copy of which conveyance, saving and excepting the notarial certificate of acknowledgment, is as follows:

"B.

" 'This indenture witnesseth, that Newland T. De Pauw and Carrie A. De Pauw, his wife, convey, quitclaim, and release unto August Barth Leather Company, for the sum of one dollar and other good and valuable consideration hereinafter set out, the right of way and easement over and along certain real estate lying immediately east of Upper Tenth street in the city of New Albany, and south of Upper Main (or High) street, which said right of way is described as beginning at a point on the north side of the railway tracks of the New Albany Belt & Terminal Railway Company now occupied, owned, and controlled by the Southern Railway Company of Indiana, at a point which is thirty-five (35) feet east of the east line of Upper Tenth street, and extending thence westwardly, upon the proper and necessary curve to carry a switch and side track from said point at the tracks of said railway company, westwardly and across Upper Tenth to the property occupied by the Barth Tanning Company, and for use of that company, its successors or assigns, and for the benefit of said tannery and tannery property, and no other person, corporation or purpose whatever.

" 'Said right to lay and maintain said switch over the ground of the grantors is to continue and exist as long as said August Barth Leather Company, its successors or assigns, shall occupy said premises now occupied by it for a tannery, or for other manufacturing purposes, and is given and granted in consideration of a like grant made by Elizabeth Barth to the New Albany Manufacturing Company and the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company of the right to lay and maintain a switch from the south side of the tracks now used by the P., C., C. & St. L. Railway Company immediately west of Upper Ninth street, and extending eastwardly over and along the lands of the said Elizabeth Barth, and along and over the south side of McBeth street and across Upper Tenth street, to the premises now occupied by the New Albany Manufacturing Company, and owned by said grantor, Newland T. De Pauw.' "

(Foregoing deed was dated April 3, 1903, and recorded June 11, 1904.)

It is further alleged that "shortly after the execution of said agreements, deeds of conveyance, and writings hereinbefore set out" the railway company constructed and laid down the proposed switch and track connecting the said tract of land so occupied by the New Albany Manufacturing Company and owned by the said Newland T. De Pauw with the main line of the railway company, and thereupon and ever since thereafter said switching track has continued to be used by the said manufacturing company, its successors and lessees and the assigns of the said Newland T. De Pauw for the purpose of its said business. There is no allegation that the tracks were laid down pursuant to those agreements, and, although the record shows that they were not, that is probably immaterial for the purposes of this opinion.

It is further alleged that the defendant, in utter disregard of her agreements aforesaid and of the rights of the plaintiff, Jane De Pauw Gates, and of said New Albany Manufacturing Company and its assigns, has notified and required the railway company to take up and remove the said tracks, and in default thereof wrongfully and unlawfully threatens that the tracks will be torn up and removed. The prayer is that defendant be restrained from violation of plaintiff's rights.

The suit was started in February, 1917, two years after the lease from New Albany Manufacturing Company and Jane De Pauw Gates to Henry H. Martin was executed. The present plaintiff came into this suit by bill of revivor filed in October, 1921, and by that bill the present defendants were also brought into the suit. The sole allegation of any right to enter is:

"That thereafter and heretofore, to wit, on or about the 23d day of March, 1920, the said Jane De Pauw Gates sold and by deed conveyed to your orator, New Albany Machine Manufacturing Company, all her right, title, and interest in the real estate

described in said bill to which the said easement was and is appurtenant, and all her right, title, and interest in said easement, and your orator is now the sole owner in fee simple of said real estate last mentioned and of said easement appurtenant thereto."

It is clear from the record that the real estate, ownership of which is alleged, is the real estate under lease to the New Albany Manufacturing Company at the time of the making of A and B in the original bill alleged to have been leased by the New Albany Manufacturing Company to Henry H. Martin. There are many other facts and circumstances disclosed by the record, and numerous questions are raised on the record, but in our view of the matter it should be disposed of upon the challenge to the jurisdiction of the court.

1. While A and B each provides for a right of way to be granted by the original defendant, it is quite clear that they are one and the same, and not two rights of way, and, while the language expressing the consideration that is to move from Elizabeth Barth is slightly different in the two instruments A and B, yet they mean the same thing; that is, that Elizabeth Barth shall convey and grant unto the New Albany Manufacturing Company and the railway company the right of way. In the bill there is no allegation that Elizabeth Barth, under A, had granted and conveyed any right of way or easement to the manufacturing company and the railway company. It simply is that A was made "upon the condition and for the consideration expressly stated in the deed and instrument of conveyance that she (Elizabeth Barth) would grant a right of way and easement" to the said railway company. The allegation as to B is quite different. It is that the defendant, upon the consideration moving to her from De Pauw and wife, "further agreed to grant *and did then and there grant and convey*" to the said New Albany Manufacturing Company and the railway company "the right to lay and maintain a switch." Then follows: "A copy of which conveyance is as follows," namely, the instrument B.

The contention, upon argument, is that the delivery and acceptance of A and B created an easement; also that the following, at the end of A, vested that easement in De Pauw and all grantees, successors, and assigns of the manufacturing company and of De Pauw, and of each of them, viz.: "Said right to lay and maintain said switch to exist as long as said grounds shall be occupied by said New Albany Manufacturing Company,

its successors and assigns, or Newland T. De Pauw, the owner thereof, as grantees or assigns, for manufacturing purposes."

There is no such provision in B. Whether an easement was created by the execution, delivery, and acceptance of A and B, or either of them, we do not determine; but, if any, there was but a single easement vested in the New Albany Manufacturing Company and the railway company to enable the railway company to construct a switch or switches for the benefit of the original defendant, and also for the benefit of the premises of the grantor in A. Such was the clear intendment of the instruments A and B. The use of the words "conveys and warrants" in the statutory form of warranty deed in Indiana creates a conveyance in fee simple, with covenants that the grantor is lawfully seized, has good right to convey, guarantees quiet possession, and that the grantor will warrant and defend the title against all lawful claims. Section 3958, vol. 2, Burns' Ann. Stats. Indiana, Revision 1914. By section 3960 of the same statute words of inheritance are unnecessary.

If, then, it be assumed that, by the acceptance of B, Elizabeth Barth conveyed and granted to the manufacturing company and the railway company the right to lay and maintain the switch, as provided in the deed she should, and as alleged in the bill of complaint she did, such grant and conveyance from her must be held to be in fee simple to the manufacturing company and the railway company of the rights therein specified. There is not in the deed B any limitation whatever. If it also be conceded, as claimed in the argument, but not alleged in the bill of complaint, that by the acceptance of A Elizabeth Barth conveyed and granted unto the manufacturing company and the railway company the right of way and easement therein specified, then it must be held there was a grant and conveyance in fee simple, except in so far as affected by the provision in that deed, above set forth, relating to the duration and existence of the right to maintain the switch.

It is not necessary to determine whether De Pauw or the original plaintiff ever had any right in or to the easement, and this question we do not determine. But, giving to the language in B the broadest possible construction, the most that can be said is that it was a perpetual easement established for and in favor of, first, the New Albany Manufacturing Company, while occupying the premises for manufacturing purposes; second, and subsequently, in favor of the suc-

cessors and assigns of the New Albany Manufacturing Company or of Newland T. De Pauw while occupying the same for manufacturing purposes—that is, the grant or conveyance originated, as alleged, for the purpose of supplying a need of those premises then used for manufacturing purposes that was only to be continued while the premises were occupied for manufacturing purposes, and the right to the easement must at all times have been solely in the New Albany Manufacturing Company or in some other person or corporation occupying it for manufacturing purposes.

It is possible, if a lessee of the dominant estate, to which such an easement is attached, fails or refuses to properly protect the same, that the owner of the fee might be permitted to intervene and defend upon a proper showing, but such is not the condition here. The owner of the fee, while the lease to the New Albany Manufacturing Company, a citizen of Indiana, was still outstanding, either in it or in its assignee, Henry H. Martin, a citizen of Indiana, commenced this suit without making the railway company, Henry H. Martin, or the New Albany Manufacturing Company a party.

1 Foster's Federal Practice, § 110, p. 677, says:

"In determining who are proper parties to a suit, courts of equity are guided by two leading principles. * * * The second is a principle which in this country is peculiar to courts of equity, namely, that, when a decision is made, it shall provide for all the rights which different persons have in the matters decided; for a court of equity in all cases delights to do complete justice, and not by halves, to put an end to litigation, and to give decrees of such a nature that the performance of them may be perfectly safe to all who obey them. * * * Persons having a united interest must be joined on the same side as plaintiffs or defendants. * * *"

In Puterbaugh's Chancery Pleading and Practice (5th Ed., 1902) p. 33, it is said:

"In chancery, all the parties in interest, and whose rights may be affected, ought to be made parties to the bill; and if the court is called upon, in the exercise of its discretion, to dispense with the proper parties, some reason therefor ought to be disclosed in the bill. * * * All persons so circumstanced that, unless their rights are bound by the decree, they may cause future molestation to the party against whom relief is sought, should be brought before the court" (citing Chandler v. Ward, 188 Ill. 322, 58 N. E. 919; 1 Dan. Ch. Pr. 241).

The decision in Chandler v. Ward, supra, fully supports the text, and the court says (page 337 [58 N. E. 924]):

"It has been said that the complainant should bring before the court, either as cocomplainants with himself or as defendants, all persons so circumstanced that, unless their rights are bound by the decree of the court, they may cause future molestation or inconvenience to the party against whom the relief is sought" (citing 1 Dan. Ch. Pr. 241; Burnham v. Kempton, 37 N. H. 491).

See, also, Barney v. Baltimore City, 6 Wall. (73 U. S.) 280, 18 L. Ed. 825.

Whatever may have been the rights of De Pauw and those claiming under him, the legal title, if it existed, as alleged, was in the railway company and the New Albany Manufacturing Company. If the title in fee simple was affected by the limitation thereon contained in A, then the beneficial interest, other than that in the railway company, was either in the manufacturing company or Henry H. Martin at the time of the commencement of the suit, because they were in possession of the dominant estate, and they were necessary and indispensable parties, whose interests were united with those of the plaintiff, if plaintiff had any, and opposed to those of the defendant. That the rights of the railway company and the manufacturing company are inseparably bound up with those of the original plaintiff, if she had any, is very forcibly illustrated by the record. It appears that in a suit for ejectment of the railway company from the right of way, brought by Mrs. Barth in the state court of Indiana, wherein all the rights claimed by the original plaintiff and now claimed by the present plaintiff were set up as matters of defense, a judgment in ejectment was rendered, but no writ in execution of that judgment has been issued.

A part of the prayer of the bill is for an injunction, and it was granted by the District Court, restraining defendant from having issued any writ in enforcement of the judgment in the state court. The allegation of the bill, as to the alleged threatened acts of the defendant against which injunction was asked, is that they were in violation not only of the rights of the plaintiff but of the New Albany Manufacturing Company as well. The requisite diversity of citizenship did not exist, and the court was without jurisdiction to entertain this suit.

The decree is reversed, with direction to dismiss the bill.