### MARTIN v. BARTH et al.

### BARTH et al. v. MARTIN et al.

Circuit Court of Appeals, Seventh Circuit.
February 16, 1928.

Nos. 3955, 3956.

1. **Courts** ⊙⟹310—**Diversity of citizenship, conferring federal court jurisdiction, depends on who are indispensable parties.**

Whether there is requisite diversity of citizenship to confer federal court jurisdiction depends on who are indispensable parties.

2. **Courts** ⊙⟹40—**Desire to dispose of controversy on merits cannot justify ignoring jurisdictional limitations.**

Desire to dispose of controversy on its merits cannot justify court in ignoring its jurisdictional limitations.

3. **Courts** ⊙⟹310—**Railroad, on right of which to cross servient land dominant owner's enjoyment of easement depended, held indispensable party to suit to enjoin invasion thereof, so as to deprive federal court of jurisdiction for diversity of citizenship.**

Railroad, on right of which to cross certain land to serve owner of other land latter's enjoyment of easement depended, *held* indispensable party to suit to enjoin invasion of such easement, so as to deprive federal court of jurisdiction for want of requisite diversity of citizenship though decree terminating railroad's right to cross land was not binding on plaintiff or his predecessors in title, because not parties thereto.

4. **Injunction** ⊙⟹185½—**District Court had jurisdiction, on dismissal for want of jurisdiction, to determine damages from issuance of injunction.**

District Court had jurisdiction, on dismissal of suit at close of trial for want of jurisdiction, to determine damages arising from issuance of injunction.

Appeals from the District Court of the United States for the District of Indiana.

Suit by Henry H. Martin against Oscar C. Barth and others. From a decree dismissing the suit, and fixing defendants' damages on dissolution of injunction, all parties appeal. Affirmed.

In No. 3955:

Paul Y. Davis, of Indianapolis, Ind., for appellant.

Frank C. Dailey, of Indianapolis, Ind., for appellees.

In No. 3956:

Frank C. Dailey, of Indianapolis, Ind., for appellants.

Paul Y. Davis, of Indianapolis, Ind., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Both appeals here considered grow out of the same suit, which was instituted by Martin against Oscar, Ernest, Hugh, August, and Alma Barth, and Julia Crecelius and Amelia Welman, all residents of Indiana, save Ernest, who resided in Pennsylvania. Defendants are the heirs at law of Elizabeth Barth, deceased. Plaintiff is a resident of Kentucky.

Many of the facts necessary to a consideration of this appeal are stated in Crecelius v. New Albany Machine Co., 4 F.(2d) 369, an opinion by this court, where the suit of plaintiff's predecessor was dismissed for want of federal court jurisdiction. Defendants attacked the jurisdiction of the court in the instant suit for the same reason and, in the District Court, their objection was sustained.

[1] Whether there is the requisite diversity of citizenship to confer federal court jurisdiction turns upon the answer to the inquiry: Who are indispensable parties? Defendants assert that the Pennsylvania Railroad Company is such a party and must be aligned with the plaintiff. On this hypothesis, diversity of citizenship of the adverse parties disappears. On the other hand, plaintiff denies that the Pennsylvania Railroad is an indispensable party, and, if its position is sustained, the court has jurisdiction of the suit.

The controversy relates to the threatened invasion of an easement, used and enjoyed by plaintiff and described in a recorded conveyance to Elizabeth Barth. It is set forth in the opinion to which reference has been made. Subsequent to its creation, Elizabeth Barth made a new agreement with the railroad company, which differed in material respects and in its duration from the one under consideration. Thereafter litigation arose between the railroad company and Barth, which terminated in favor of Barth. 185 Ind. 593, 114 N. E. 81. The railroad company's right to use the land for a track bed was thereby ended.

To that litigation the Depauws and their successors (plaintiff's predecessors in title) were not parties. Thereafter plaintiff's predecessors in title sought to enforce their rights

arising out of this so-called easement as against Barth's successors in title. Their adversaries (defendants herein) successfully challenged the jurisdiction of the federal court as heretofore recited.

[2] The desire to dispose of this controversy on its merits cannot justify the court in ignoring its jurisdictional limitations. We have a specific and unavoidable question to decide: Is the Pennsylvania Railroad Company an indispensable party?

[3] Plaintiff is seeking relief, the enjoyment of which calls for (a) the use of the railroad and (b) the use of the Barth land. Plaintiff's right as against Barth would be a naked, barren one without the carrier's co-operation. Plaintiff's right as against the carrier would be valueless without the carrier's right to pass over the Barth land. True, the decree that terminated the litigation between Barth and the railroad company and which ended the railroad company's right to cross the Barth land, was in no way binding upon the plaintiff or his predecessors in title, because not a party to it. But this assumption does not aid plaintiff in his effort to establish federal court jurisdiction. Plaintiff's enjoyment of his easement depends upon the railroad company's right to cross the Barth land in order that it might serve plaintiff. His easement over Barth's land is restricted and limited by his ability to secure this service from the railroad.

In short, as we view it, plaintiff's easement is not an absolute right to cross and recross the Barth land, but, rather, it conveys a conditional right to have a carrier cross the strip to reach and to serve plaintiff. This being so, we conclude that the carrier, the Pennsylvania Railroad, is an indispensable party. This is in harmony with our holding in the previous case.

[4] 3956. The cross-appeal was prosecuted from that part of the decree which fixed defendants' damages upon the dissolution of the injunction. This injunction was granted upon plaintiff's motion at the commencement of the suit, and vacated at the close of the trial when the court found it was without jurisdiction of the cause. Plaintiff gave a bond when the injunction was issued. Defendant's contention is that the court was without jurisdiction to hear and determine any question of damages.

Counsel for defendants cite no authority in support of their cross-appeal. On the authority of Northwestern Fuel Co. v. Brock, 139 U. S. 216, 11 S. Ct. 523, 35 L. Ed. 151, we conclude that the court had jurisdiction to determine the damages that arose out of the issuance of the injunction. See, also, Russell v. Farley, 105 U. S. 433, 26 L. Ed. 1060; Miss. Valley Fuel Co. v. Watson Coal Co. (C. C. A.) 202 F. 122; Baker v. Cass Co. (C. C. A.) 224 F. 439.

The decree is affirmed on both appeals.