## WILLIAMS v. RICKARD et al.

Circuit Court of Appeals, Seventh Circuit.
May 24, 1928.

No. 3994.

1. **Injunction 114(3)—Members of board, sought to be enjoined from holding prize fight and directed to pay admission moneys into court, held indispensable parties.**

Individual members of board, sought to be enjoined from holding prize fight at stadium controlled by it, and directed to pay moneys received from sale of tickets into court, *held* indispensable parties, without whose presence court could not litigate issues involved.

2. **Courts 310—Federal court held without jurisdiction of suit against board, members of which were undispensable parties and resident in same state as plaintiff.**

Where members of board, sought to be enjoined from holding prize fight in stadium controlled by it, and directed to pay moneys received from sale of admission tickets into court, lived in same state as plaintiff, but were not made parties, federal court was without jurisdiction to entertain suit.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by Elmer L. Williams against George L. Rickard and others. From a decree of dismissal, plaintiff appeals. Affirmed.

Charles S. Wharton, of Chicago, Ill., for appellant.

Franklin J. Stransky, of Chicago, Ill., for appellees.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

PER CURIAM. This suit was brought by the plaintiff to enjoin appellees and members of the South Park Board from carrying out an alleged conspiracy to hold a prize fight or boxing exhibition at Grant Park Stadium, Chicago, Ill., on the 22d day of September, 1927, and to direct the payment

of the moneys received from the sale of admission tickets into court that the same might be impressed with "a constructive trust for and on behalf of the taxpayers," etc.

Defendants' motion to dismiss the suit, based on numerous grounds, was granted. Before appellant took this appeal, the boxing match occurred.

Federal court jurisdiction is predicated upon an alleged diversity of citizenship of the parties and an amount in controversy exceeding $3,000.

[1, 2] We will consider merely that contention of defendants which questions the federal court's jurisdiction of the controversy. Defendants contend that the individual members of the South Park Board, who are named in the complaint and against whom relief is sought, were indispensable parties to the action, without whose presence the court could not proceed to litigate the issues involved. With this position we agree. The court could not enjoin the South Park Board from proceeding with its contemplated use of the stadium without having the members of that board before it. The court could not direct the South Park Board to pay the moneys into court without having the members of that board before it. They were indispensable parties. They all lived in the same state as the plaintiff. Had they been made defendants, the necessary diversity of citizenship to confer federal court jurisdiction would have been lacking. The court, therefore, was without jurisdiction to entertain the suit. Crecelius v. New Albany Machine Mfg. Co. (C. C. A.) 4 F.(2d) 369; Martin v. Barth (C. C. A.) 25 F.(2d) 95.

The decree is affirmed.